IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | COMPLAINT |
| FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF SOUTH CAROLINA, INC., | ) ) ) | JURY TRIAL DEMAND |
| Defendants. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Timothy S. Brown who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or "Commission"), alleges that Defendants Family Dollar Stores, Inc. and Family Dollar Stores of South Carolina, Inc. (hereafter "Defendants") failed to provide Mr. Brown with a reasonable accommodation of his disability and failed to promote him because of his disability. The Commission further alleges that Defendants constructively discharged Mr. Brown.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Rock Hill Division. The lawsuit is being filed in the Rock Hill Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Rock Hill Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Family Dollar Stores, Inc. has continuously been a Delaware corporation doing business in the State of South Carolina and the City of Rock Hill, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Family Dollar Stores, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Family Dollar Stores, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. At all relevant times, Defendant Family Dollar Stores of South Carolina, Inc. has continuously been a South Carolina corporation doing business in the State of South Carolina and the City of Rock Hill, and has continuously had at least 15 employees.

8. At all relevant times, Defendant Family Dollar Stores of South Carolina, Inc. has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9. At all relevant times, Defendant Family Dollar Stores of South Carolina, Inc. has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. On information and belief, at all relevant times Defendants Family Dollar Stores, Inc. and Family Dollar Stores of South Carolina, Inc. have operated as an integrated business enterprise, or in the alternative as joint employers.

## STATEMENT OF CLAIMS

11. More than thirty days prior to the institution of this lawsuit, Timothy S. Brown filed a charge with the Commission alleging violations of Title I of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. From around September 1, 2001 until June 4, 2002, Defendants engaged in unlawful employment practices at their store located at 2021 Cherry Road, Rock Hill, South Carolina, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a), as set forth below:

    a. Defendants failed to make a reasonable accommodation for Mr. Brown's disability (paraplegia), that would allow him access to a privilege or condition of employment, namely use of restroom facilities.

    b. Defendants failed to promote Mr. Brown to the position of Assistant Manager because of his disability.

        c.      As a result of Defendants' failure to make a reasonable accommodation for Mr. Brown's disability and/or Defendants' failure to promote Mr. Brown, Mr. Brown was forced to resign.

13.    The effect of the practices complained of in paragraph 12 above has been to deprive Timothy S. Brown of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

14.    The unlawful employment practices complained of in paragraph 12 above were intentional.

15.    The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Timothy S. Brown.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B.    Order each Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants, jointly and severally, to make whole Timothy S. Brown, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the instatement of Mr. Brown to the position of Assistant Manager.

F.    Order Defendants, jointly and severally, to make whole Timothy S. Brown by providing compensation for past and future pecuniary losses resulting from the unlawful employment

4

practices described in paragraph 12 above, including job search expenses, in amounts to be determined at trial.

G.   Order Defendants, jointly and severally, to make whole Timothy S. Brown by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

H.   Order Defendants, jointly and severally, to pay Timothy S. Brown punitive damages for their malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

I.   Grant such further relief as the Court deems necessary and proper in the public interest.

J.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 30th day of September 2005.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.  20507

5

LYNETTE A. BARNES
Acting Regional Attorney
Charlotte District Office


s/ Kara Gibbon Haden
KARA GIBBON HADEN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Telephone:     704.344.6885
Facsimile:     704.344.6780


JONATHAN S. GASSER
UNITED STATES ATTORNEY

By:   s/ Robert F. Daley, Jr.
         Robert F. Daley, Jr. (#6460)
Assistant United States Attorney
District of South Carolina
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone:   803.929.3054

ATTORNEYS FOR PLAINTIFF